UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MARTHA,<br><br>        Plaintiff,<br><br>    v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>        Defendant. | Case No. 23-cv-00420-AGT<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 16 |

The Commissioner moved to dismiss plaintiff's pro se complaint. *See* Dkt. 16. Because the Commissioner relied on materials outside the complaint, the Court converted the motion to a motion for summary judgment. *See* Dkt. 19. The Court allowed the parties to supplement the record. *See id.* The parties chose not to do so. The Court is now prepared to rule on the motion. The Court grants the motion for the following reasons.

\* \* \*

*First*, to the extent plaintiff seeks judicial review of the Appeals Council's December 23, 2020, denial of his request for review of an unfavorable ALJ decision, the claim is time-barred. The 60-day statute of limitations expired nearly two years before plaintiff filed his complaint in this case on January 27, 2023. *See* 20 C.F.R. § 422.210(c) (explaining that a civil action "must be instituted within 60 days after the Appeals Council's notice of denial of request for review of the [ALJ's] decision"). The limitations period can be tolled in extraordinary circumstances, *see Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir.

2013); *Bowen v. City of New York*, 476 U.S. 467, 480 (1986), but plaintiff hasn't argued for, or provided evidence to support, tolling.

*Second*, to the extent plaintiff seeks judicial review of the denial of his March 20, 2021, application for Social Security benefits, the claim is barred for failure to exhaust administrative remedies. Judicial review is available only when the Commissioner issues a "final decision . . . made after a hearing." 42 U.S.C. § 405(g). The Commissioner denied plaintiff's application at the initial level on July 30, 2021. *See* Dkt. 16, Voegele Decl. ¶ 3(b). Subsequently, plaintiff didn't request reconsideration or request an ALJ hearing. *See id.* Because plaintiff stopped pursuing his claim after the agency's first level of internal review, he didn't obtain a "final decision." 20 C.F.R. § 416.1400(a)(5). As a result, "he failed to exhaust the administrative remedy upon which judicial review depends." *Hoye v. Sullivan*, 985 F.2d 990, 991 (9th Cir. 1992).

*Third*, to the extent plaintiff seeks judicial review of the denial of his January 12, 2022, application for Social Security benefits, this request too is barred for failure to exhaust administrative remedies. The Commissioner denied plaintiff's application at the initial level on October 28, 2022, and at the reconsideration level on April 14, 2023. *See* Voegele Decl. ¶ 3(c). Subsequently, on May 2, 2023, plaintiff requested a hearing before an ALJ. *See id.* Until that hearing occurs and a final decision is rendered by the Commissioner, the Court cannot review the denial of plaintiff's application for benefits.

*Fourth*, to the extent plaintiff's complaint can be construed as raising constitutional claims, those claims are not colorable. *See Subia v. Comm'r of Soc. Sec.*, 264 F.3d 899, 902 (9th Cir. 2001) (explaining that a claimant's failure to exhaust administrative remedies may be waived if the claimant "asserts colorable constitutional claims").

Plaintiff suggests he was denied due process when his Social Security benefits were terminated after he was sent to jail for over a year. *See* Dkt. 1 at 3–4. The termination comported with the governing regulations. *See* 20 C.F.R. § 416.1325(a) (requiring benefit payments to be suspended when a claimant is a resident of a "public institution"); 20 C.F.R. § 416.1335 (requiring benefit payments to be terminated "following 12 consecutive months of benefit suspension"). Moreover, after his incarceration in 2018, plaintiff was allowed to reapply for benefits. There is no lifetime ban on plaintiff receiving Social Security benefits, contrary to what plaintiff suggests without evidentiary support. *See* Dkt. 1 at 4.

Plaintiff also asserts that he was denied due process when an ALJ concluded, on June 5, 2020, that plaintiff was ineligible for benefits because his "substance use disorder [was] a contributing factor material to the determination of disability." Dkt. 16 at 19. After the Appeals Council upheld the ALJ's decision, on December 23, 2020, plaintiff didn't timely seek judicial review, as noted above. *See infra* p.1. Nor has plaintiff explained how the ALJ's conclusion was unconstitutional. "A 'mere allegation of a due process violation' is not a colorable constitutional claim." *Klemm v. Astrue*, 543 F.3d 1139, 1144 (9th Cir. 2008) (quoting *Anderson v. Babbitt*, 230 F.3d 1158, 1163 (9th Cir. 2000)).

Lastly, plaintiff suggests that by denying his benefits applications, the Commissioner has effectively punished him in a manner that implicates the Fifth Amendment's Double Jeopardy Clause. *See* Dkt. 1 at 5. The Double Jeopardy Clause doesn't apply. "The Clause protects only against the imposition of multiple *criminal* punishments for the same offense . . . ." *Hudson v. United States*, 522 U.S. 93, 99 (1997). "[I]mprisonment . . . constitute[s] punishment, [but] loss of a profession, a right to work, or the termination of social security benefits do[es] not." *Taylor v. Cisneros*, 102 F.3d 1334, 1340 (3d Cir. 1996).

\* \* \*

In summary, to the extent plaintiff is challenging the merits of the Commissioner's denials of his applications for Social Security benefits, plaintiff's claims are either untimely or currently barred for failure to exhaust administrative remedies. And to the extent plaintiff has raised constitutional claims, those claims are not colorable.

There is no genuine dispute as to any material fact, and the Commissioner is entitled to judgment as a matter of law. The Court accordingly grants the Commissioner's motion for summary judgment. This order is without prejudice to plaintiff filing a new action for judicial review after exhausting his administrative remedies.

**IT IS SO ORDERED.**

Dated: January 31, 2024

Alex G. Tse
United States Magistrate Judge